RECEIVED

MAY 16 2008
MAY 16 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Alice Outlaw-McMillan )
_____ )
_____ )
(Name of the plaintiff or plaintiffs) )
  )
v. )
John E. Potter, Postmaster )
General of the United States )
Postal Service )
(Name of the defendant or defendants) )

08CV2857
JUDGE ZAGEL
MAG. JUDGE KEYS

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is ___Alice Outlaw-McMillan___ of the county of ___Cook___ in the state of ___Illinois___

3. The defendant is ___John E. Potter- Postmaster General___, whose street address is ___475 L'enfant Plaza SW___

(city) ___Washington___ (county)_____ (state) ___DC___ (ZIP) ___20260___

(Defendant's telephone number) ___(202)___ - ___268-2500___

4. The plaintiff sought employment or was employed by the defendant at (street address)

___433 W. Harrison___ (city) ___Chicago___

(county) ___Cook___ (state) ___IL___ (ZIP code) ___60607___

5. The plaintiff [*check one box*]

(a) ☐ was denied employment by the defendant.

(b) ☑ was hired and is still employed by the defendant.

(c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) _September_, (day) _2nd_, (year) _2006_.

**7.1**   *(Choose paragraph 7.1 or 7.2, do not complete both.)*

(a) The defendant is not a federal governmental agency, and the plaintiff *[check one box]* ☐ has ☒ has filed a charge or charges against the defendant

asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

(i)   ☐ the United States Equal Employment Opportunity Commission, on or about (month)_____ (day)_____ (year)_____.

(ii)   ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is

attached.  ☐ YES.   ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2   The defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

☒ Yes (month) _September_ (day) _2nd_ (year) _2006_

☐ No, did not file Complaint of Employment Discrimination

2.   The plaintiff received a Final Agency Decision on (month) _April_ (day) _18th_ (year) _2008_.

c.   Attached is a copy of the

a. Complaint of Employment Discrimination,
☒ YES   ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision
☒ YES   ☐ NO, but a copy will be filed within 14 days.

8.  *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

    (a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

    (b) ☐ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)_____ (day)_____ (year)_____ a copy of which *Notice* is attached to this complaint.

9.  The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

    (a) ☐ Age (Age Discrimination Employment Act).

    (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (c) ☑ Disability (Americans with Disabilities Act or Rehabilitation Act)

    (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

    (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

    (a) ☐ failed to hire the plaintiff.

    (b) ☐ terminated the plaintiff's employment.

    (c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☑ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): _____

_____

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

Alleged discrimination when I returned to work on 2/13/06 and given a modified job assignment to the Nixie Unit. The Nixie Unit was dismantled on July 14, 2006 leaving me no job assignment or Unit to work, and was not able to call the Centralized Call in number for injured clerks. Alleged discrimination based on Retaliation (prior EEO activity) and Physical Disability when on 3/12/07, I received a letter slotting me into a Mail Processor position on Tour 3.

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☑ YES    ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff **[check only those that apply]**

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☑ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☑    Direct the defendant to (specify): Rehab Plaintiff into the 030/150 Manual Unit.

_____

_____

_____

_____

(g) ☑    If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑    Grant such other relief as the Court may find appropriate.

**(Plaintiff's signature)**

Alice Outlaw McMillen

**(Plaintiff's name)**

Alice Outlaw-McMillan

**(Plaintiff's street address)**

P.O. Box 5790

_____

(City) Chicago   (State) IL   (ZIP) 60680

(Plaintiff's telephone number) (773) - 548-5551

Date: 5-16-2008

National EEO Investigative Services Office


**UNITED STATES**
**POSTAL SERVICE**

UNITED STATES POSTAL SERVICE
EQUAL EMPLOYMENT OPPORTUNITY
IN THE MATTER OF:

| | | |
|---|---|---|
| ALICE OUTLAW-MCMILLAN | ) | |
| PO Box 5790 | ) | **Delivery Confirmation Complainant:** |
| Chicago IL 60680-5790 | ) | 0307 0020 0004 9759 3140 |
|    Complainant, | ) | **Delivery Confirmation Representative:** |
| | ) | 0307 0020 0004 9759 3157 |
|      v. | ) | |
| | ) | **Agency Case Number:** 1J-607-0053-06 |
| JOHN E. POTTER | ) | |
| Postmaster General | ) | |
| United States Postal Service | ) | |
| Great Lakes Area | ) | |
|    Respondent. | ) | **Date Formal Filed:** 10/10/2006 |

## ACKNOWLEDGEMENT OF AMENDMENT TO COMPLAINT

We have received your Request for EEO Counseling dated March 17, 2007. Title 29 C.F.R. § 1614.106 (d), permits complainant's to amend a pending EEO complaint to add claims that are like or related to those claims raised in the pending complaint. There is no requirement that the complainant seek or receive counseling on these new claims.

A review of your March 17, 2007, Request for EEO Counseling reveals that the additional matters raised are like or related to the matters raised in your formal complaint filed on October 10, 2006. Therefore your complaint is hereby amended.

Specific Amended Issue: Complainant alleges discrimination on the basis of Retaliation (prior EEO activity) and Physical Disability (on-the-job injury) when on March 12, 2007, she received a letter slotting her into a Mail Processor position on Tour 3.

NOTE: If your complaint involves an allegation of age discrimination, the Postal Service is required by the Age Discrimination in Employment Act of 1967, as amended, to advise you that you may consult with an attorney should you desire to do so before signing any agreement resolving your complaint of age discrimination.

If you do not agree with the defined accepted issue(s), you must provide a written response specifying the nature of your disagreement within seven (7) calendar days of receipt of this letter to the EEO Services Analyst at the address below. You are reminded that any notification of disagreement with the defined accepted issues is not an opportunity or forum to raise additional, unrelated allegations of discrimination. Additional unrelated issues must be pursued through established procedures with your local EEO Office.

P.O. Box 21979
Tampa, FL 33622-1979

Issues to be Investigated
Page 1 of 6

2

Please be prepared to go forward with your case and provide an affidavit when the Investigator contacts you in the near future.

The Investigation must now be completed within the earlier of 180 days of this amendment or 360 days from the date the original complaint was filed, except that you may request a hearing on the original complaint and amendments to it at any time after 180 days from the date the original complaint was filed. You may request a hearing by sending your request, in writing, within the applicable time period, to:

> Chief Administrative Judge
> EEOC Chicago District Office
> 500 W. Madison St #2800
> Chicago IL 60661-2511

If you have a grievance pending on the same issue(s) as those addressed in your complaint of discrimination, the agency may, at its discretion, defer the processing of this complaint until the grievance procedure has run its course and there has been a final resolution of the grievance. When an investigation is deferred, pending the outcome of the grievance process, the 180-day time period for processing the complaint is stopped temporarily, and does not restart until the grievance is resolved.  If your complaint is deferred, you will be notified, in writing, of the options which may be available to you as a result.

When the investigation is completed, you will receive a copy of the investigative report, and you will be notified of your right to a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge or of your right to a final decision by the agency head or designee without a hearing.  You may request a final agency decision without a hearing, at the appropriate time, by writing the National EEO Investigative Services Office - FADS, P.O. Box 21979, Tampa, FL  33622-1979.

You may request a hearing by an EEOC Administrative Judge by notifying, in writing, the District Director of the EEOC at the address stated above.

You must make your hearing request within 30 calendar days of your receipt of the investigative report and you must provide the National EEO Investigative Services – Hearings, P.O. Box 21979, Tampa, FL  33622-1979 with a copy of that hearing request.  If you do not receive your investigative report and notification concerning your appeal rights within 180 calendar days from the date on which you filed your formal complaint, you may request a hearing by writing directly to the EEOC District Office shown above, with a copy to the National EEO Investigative Services Office - Hearings, P.O. Box 21979, Tampa, FL  33622-1979, at any time up to 30 calendar days after receipt of the investigative report.

Issues to be Investigated
Page 2 of 6

3

If you are dissatisfied with the Postal Service's final agency decision where there has been no hearing, or with the Postal Service's final action on the decision of an Administrative Judge following a hearing, you have certain appeals rights. You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), at the address shown below, within 30 calendar days of the date of your receipt of the final agency decision or you may file a civil action in the appropriate U. S. District Court within 90 calendar days of your receipt of the decision.

Any appeal to the EEOC should be addressed to the Office of Federal Operations, Equal Employment Opportunity Commission, P. O. Box 19848, Washington, DC 20036-9848. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation were also submitted to the Manager, National EEO Investigative Services Office, P. O. Box 21979, Tampa, FL 33622-1979.

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U. S. District Court if the Postal Service has not issued a final decision on your complaint or if no final action has been taken on a decision by an Administrative Judge.

If you decide to appeal to the Office of Federal Operations, EEOC, you may file a civil action in an appropriate U. S. District Court within 90 calendar days after your receipt of the Office of Federal Operation's decision. If you do not receive a decision on your appeal within 180 calendar days from the date of your appeal, you may file a civil action.


_Joceline Height_         _3/23/07_

Joceline Height           Date
EEO Services Analyst

cc: Roberta Matts
PO Box 528182
Chicago IL 60652-8182

Issues to be Investigated
Page 3 of 6

National EEO Investigative Services Office


**UNITED STATES**
**POSTAL SERVICE**

---

## UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY
## IN THE MATTER OF:

| | |
|---|---|
| ALICE R OUTLAW-MCMILLEN    ) | Delivery Confirmation Complainant: 0306 3030 0002 7418 2719 |
| P O Box 5790    ) | |
| Chicago IL 60680-5790    ) | Delivery Confirmation Representative: 0306 3030 0002 7418 2726 |
| Complainant,    ) | |
| ) | |
| v.    ) | Agency Case Number: 1J-607-0053-06 |
| ) | OFO Appeal No: 0120070636 |
| JOHN E. POTTER    ) | |
| Postmaster General    ) | |
| Pacific Area    ) | Date Formal Filed:  October 10, 2006 |
| Respondent    ) | |

---

### ACKNOWLEDGEMENT AND ACCEPTANCE OF REMANDED CLAIM

Pursuant to the Order of the Office of Federal Operations in the above-cited appeal, the Postal Service will investigate the following issue previously dismissed by the Agency on October 24, 2006.

Specific Issue(s): The Complainant alleges discrimination based on Disability (Shoulder, Wrist & Hand) when on July 14, 2006, she was not provided a reasonable accommodation after her duty station was dismantled.

NOTE: If your complaint involves an allegation of age discrimination, the Postal Service is required by the Age Discrimination in Employment Act of 1967, as amended, to advise you that you may consult with an attorney should you desire to do so before signing any agreement resolving your complaint of age discrimination.

If you do not agree with the defined accepted issue(s), you must provide a written response specifying the nature of your disagreement within seven (7) calendar days of receipt of this letter to the EEO Services Analyst at the address below.  You are reminded that any notification of disagreement with the defined accepted issues is not an opportunity or forum to raise additional, unrelated allegations of discrimination. Additional unrelated issues must be pursued through established procedures with your local EEO Office.

Your case will be assigned for investigation.  Please be prepared to go forward with your case and provide an affidavit when the Investigator contacts you in the near future.

The investigation of the accepted issues will be completed within the timeframe set in the order from the Office of Federal Operations.  Should you seek to amend the complaint, the amendment will extend the time for processing an additional 180 days from the date of the amendment with the total allowable time for processing the complaint and all amendments no more than 360 days.

If you have a grievance pending on the same issue(s) as those addressed in your complaint of discrimination, the agency may, at its discretion, defer the processing of this complaint until the grievance procedure has run its course and there has been a final resolution of the grievance.  When an investigation is deferred, pending the outcome of the grievance process, the 180-day time period for processing the

P.O. Box 21979
Tampa, FL 33622-1979

Issues to be Investigated
Page 4 of 6

- 2 -

complaint is stopped temporarily, and does not restart until the grievance is resolved. If your complaint is deferred, you will be notified, in writing, of the options which may be available to you as a result.

When the investigation is completed, you will receive a copy of the investigative report, and you will be notified of your right to a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge or of your right to a final decision by the agency head or designee without a hearing. You may request a final agency decision without a hearing, at the appropriate time, by writing the NEEOISO-FADS, P.O. Box 21979, Tampa, FL 33622-1979.

You may request a hearing by an EEOC Administrative Judge by notifying, in writing, the District Director of the EEOC at the following address:

Chief Administrative Judge
Chicago District Office
500 W. Madison Street, Suite 2800
Chicago IL 60661-2511

You must make your hearing request within 30 calendar days of your receipt of the investigative report and you must provide the Manager NEEOISO-Hearings, P.O. Box 21979, Tampa, FL 33622-1979 with a copy of that hearing request. If you do not receive your investigative report and notification concerning your appeal rights within 180 calendar days from the date on which you filed your formal complaint, you may request a hearing by writing directly to the EEOC District Office shown above, with a copy to the Manager NEEOISO-Hearings, P.O. Box 21979, Tampa, FL 33622-1979.

If you are dissatisfied with the Postal Service's final agency decision where there has been no hearing, or with the Postal Service's final action on the decision of an Administrative Judge following a hearing, you have certain appeals rights. You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), at the address shown below, within 30 calendar days of the date of your receipt of the final agency decision or you may file a civil action in the appropriate U. S. District Court within 90 calendar days of your receipt of the decision.

You may also appeal a final action by the Postal Service implementing a decision of an Administrative Judge following a hearing within 30 calendar days of the date of your receipt of that final action or you may file a civil action in an appropriate U. S. District Court within 90 calendar days of the date of your receipt of the final action. Finally, you may respond to an appeal by the Postal Service in connection with its final action not to implement a decision of an Administrative Judge following a hearing or you may file a civil action in an appropriate U. S. District Court within 90 calendar days of the date of your receipt of the final action and appeal.

Any appeal to the EEOC should be addressed to the Office of Federal Operations, Equal Employment Opportunity Commission, P. O. Box 19848, Washington, DC 20036-9848. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation were also submitted to NEEOISO-FADS, P.O. Box 21979, Tampa, FL 33622-1979.

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U. S. District Court if the Postal Service has not issued a final decision on your complaint or if no final action has been taken on a decision by an Administrative Judge.

If you decide to appeal to the Office of Federal Operations, EEOC, you may file a civil action in an appropriate U. S. District Court within 90 calendar days after your receipt of the Office of Federal Operation's decision. If you do not receive a decision on your appeal within 180 calendar days from the date of your appeal, you may file a civil action.

Issues to be Investigated
Page 5 of 6

- 3 -

_Sharon Harvey_
Sharon Harvey
(A) EEO Services Analyst

_2/08/07_
Date

cc:  Roberta Matthes
     P O Box 528182
     Chicago IL  60652-8182

Issues to be Investigated

## UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
## IN THE MATTER OF:

Alice R. Outlaw-McMillan
Complainant                          Agency Case No.     1J-607-0053-06
v.

                                     Formal Filed:     October 10, 2006

John E. Potter,
Postmaster General,
Respondent.

### FINAL AGENCY DECISION

This is the final agency decision of the U.S. Postal Service regarding your complaint of discrimination identified above.   In that complaint, you alleged discrimination based on Physical Disability (shoulder, wrist, hand) and Retaliation (prior EEO activity) when on 1) July 14, 2006, you were not provided a reasonable accommodation after your duty station was dismantled and 2) on March 12, 2007, you received a letter slotting you into a Mail Processing position on Tour 3.

### CASE CHRONOLOGY

An Equal Employment Opportunity Investigator processed your complaint, and a copy of the Investigative Report was transmitted to you on June 4, 2007. Following receipt of that report, you had 30 days in which to request a hearing before an Administrative Judge (AJ) of the Equal Employment Opportunity Commission (EEOC) or a final agency decision without a hearing.

Although you initially requested a hearing, on June 15, 2007, Administrative Judge Marianna Warme remanded your complaint to the Postal Service on January 8, 2008, after receiving your December 30, 2007, request for the issuance of a final agency decision.   Thus, this decision is being issued in compliance with the order of the Administrative Judge.

The record reflects that initially your Complaint included only the claim that on July 14, 2006, after the Nixie Unit was dismantled, you were not given a modified job assignment, and you were not able to contact the Human Resources Specialist and you were unable to call the centralized call in number for injured clerks.   This claim was dismissed by the Postal Service on the basis of

Final Agency Decision
Alice R. Outlaw-McMillan
1J-607-0053-06
Page 2

timeliness on October 24, 2006. (Investigative File [IF.] Appellate Activity, Page [p.] 21). The record further reflects that on March 1, 2007, the U.S. Equal Employment Opportunity Commission rendered a decision in Appeal No. 0120070636, which reversed the Postal Service Decision of October 24, 2006.

On March 23, 2007 your complaint was amended to add the following specific issue: discrimination on the basis of Retaliation (prior EEO activity) and Physical Disability (on-the-job injury) when on March 12, 2007 you received a letter slotting you into a Mail Processor position on Tour 3. (F., Issues to be Investigated, p. 1).

## APPLICABLE LAW

### Disparate Treatment

The United States Supreme Court established a burden-shifting framework for analyzing claims of discrimination in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973), and subsequently refined that analysis in Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). The McDonnell Douglas and Burdine approach involves a three-step process when a complainant alleges intentional discrimination based on a disparate treatment theory. The Equal Employment Opportunity Commission has adopted this approach in its decision making. Downing v. U.S. Postal Service, EEOC Appeal No. 01822326 (September 19, 1983); Jennings v. U.S. Postal Service, EEOC Appeal No. 01932793 (April 13, 1994); and Saenz v. Department of the Navy, EEOC Request No. 05950927 (January 9, 1998). A complainant alleging discrimination must first demonstrate that there is some substance to his or her claim. To satisfy this burden, the complainant must establish a *prima facie* case of discrimination for each of the bases of discrimination alleged by a preponderance of the evidence. Furnco Construction Corp. v. Waters, 438 U.S. 567 (1978).

Although a complainant may establish a *prima facie* case by presenting direct evidence of discrimination, the more frequent method of establishing a *prima facie* case is through circumstantial evidence by showing that he or she (1) belongs to a protected class; (2) was subjected to an adverse employment action; and (3) was treated differently in this regard than similarly situated individuals who were not members of the protected group. Mayberry v. Vought Aircraft Company, 55 F.3d 1086, at 1090 (5th Cir. 1995); Mitchell v. Toledo Hospital, 964 F.2d 577, at 582-83 (6th Cir. 1992). The failure to establish a specific element of a *prima facie* case may be overcome by presenting evidence of agency actions from which an inference of discrimination could be drawn if they remained unexplained. Day v. Postmaster General, EEOC Appeal No. 01996097 (September 18, 2000).

Final Agency Decision
Alice R. Outlaw-McMillan
1J-607-0053-06
Page 3

Once a *prima facie* case has been established, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for its action. Furnco, 438 U.S. at 578. See also St. Mary's Honor Center v. Hicks, 509 U.S. 502, at 506 (1993). The employer need not persuade the trier of fact that the proffered reason was its actual motivation but merely needs to raise a genuine issue of fact as to whether it discriminated against the complainant. Burdine, 450 U.S. at 254; Keval v. Commodity Futures Trading Commission, EEOC Appeal No. 01832127 (November 2, 1984); Hollis v. Department of Veterans' Affairs, EEOC Appeal No. 01934600 (May 3, 1994). If the agency offers no adequate explanation for the discrepancy in treatment between the complainant and similarly situated employees, the agency does not carry its burden of production and the complainant prevails on the basis of the inference of discrimination created by the *prima facie* case. Frady v. Postmaster General, EEOC Appeal No. 01A05317 (January 10, 2003); Houston v. Department of Veterans' Affairs, EEOC Appeal No. 01976054 (August 27, 1999); and Parker v. Postmaster General, EEOC Request No. 05900110 (April 30, 1990).

If the employer meets this burden, any presumption of discrimination created by the *prima facie* case disappears; it simply "drops from the case." Hicks, *supra,* 509 U.S. at 507; United States Postal Service Board of Governors v. Aikens, 460 U.S. 711, at 715 (1983). See also Hernandez v. Department of Transportation, EEOC Request No. 05900159 (June 28, 1990) and Peterson v. Department of Health and Human Services, EEOC Request No. 05900467 (June 8, 1990). The complainant can then prevail only if he or she proves that the employer's reasons are not only pretext but are pretext for discrimination. Hicks, 509 U.S. at 507 and 516; Nichols v. Grocer, 138 F.3d 563, at 566 (5th Cir. 1998); Swanson v. General Services Administration, 110 F.3d 1180, at 1185 (5th Cir. 1997). See also Papas v. Postmaster General, EEOC Appeal No. 01923753 (March 17, 1994) and Bradford v. Department of Defense, EEOC Appeal No. 01940712 (September 20, 1994). Thus, the complainant cannot create a factual issue of pretext based merely on personal speculation that there was discriminatory intent. Southard v. Texas Board of Criminal Justice, 114 F.3d 539, at 555 (5th Cir. 1997); Lyles v. U.S. Postal Service, EEOC Appeal No. 01A11110 (May 22, 2002); and Nathan v. U.S. Postal Service, EEOC Appeal No. 01995788 (August 29, 2001). Pretext involves more than a mistake. It means that the reason offered by management is factually baseless, is not the actual motivation for the action, or is insufficient to motivate the action. Tincher v. Wal-Mart Stores, Inc., 118 F. 3d 1125, at 1130 (7th Cir. 1997) and Morgan v. Hilti, Inc., 108 F. 3d 1319, at 1323 (10th Cir. 1997). The complainant always carries the "ultimate burden of persuading the trier of fact that he has been the victim of intentional discrimination." Burdine, 450 U.S. at 254 and Hicks, 509 U.S. at 511.

Final Agency Decision
Alice R. Outlaw-McMillan
1J-607-0053-06
Page 4

## Similarly Situated Employees

One of the key elements of a *prima facie* case of disparate treatment based on an adverse employment action is proof that similarly situated comparison employees not in the complainant's protected class were treated more favorably. This is so, in part, because agencies are not monolithic entities. Turner v. Department of the Navy, EEOC Request No. 05900445 (September 25, 1990). In general, in the absence of direct evidence of discrimination, if the complainant cannot identify any similarly situated comparison employees who were treated more favorably, he or she will not prevail. Aguilar v. U.S. Postal Service, EEOC Appeal No. 01944167 (August 8, 1995). In order for two or more employees to be considered similarly situated for the purpose of creating an inference of disparate treatment, a complainant must show that all of the relevant aspects of his or her employment situation are virtually identical to those of the other employees who he or she alleges were treated more favorably. Smith v. Monsanto Chemical Company, 770 F. 2d 719, at 723 (8th Cir. 1985); Murray v. Thistledown Racing Club, Inc., 770 F. 2d 63, at 68 (6th Cir. 1985); Nix v. WLCY Radio/Rahall Communications, 738 F. 2d 1181, at 1185 (11th Cir. 1984); Mazzella v. RCA Global Communications, Inc., 642 F. Supp. 1531, at 1547 (S.D. N.Y. 1986), aff'd. 814 F. 2d 653 (2nd Cir. 1987). The Equal Employment Opportunity Commission has on numerous occasions ruled in similar fashion. See, for example, Tolar v. U.S. Postal Service, EEOC Appeal No. 01965083 (December 16, 1998), citing O'Neal v. U.S. Postal Service, EEOC Request No. 05910490 (July 23, 1991); and Knapp-Huffman v. Attorney General (Bureau of Prisons), EEOC Appeal No. 01991026 (January 16, 2002). If employees have different supervisors, perform different job functions, were subject to different job standards, engaged in different conduct, or worked during different time periods, they are not similarly situated. O'Neal, Id.; Allen v. Department of the Navy, EEOC Appeal No. 05900539 (June 15, 1990); Willis v. Department of the Treasury, EEOC Appeal No. 01A51459 (March 16, 2003); and Stewart v. Department of Defense, EEOC Appeal No. 01A02890 (June 27, 2001).

## Person with a Disability

In order to assert a claim of disability discrimination, a complainant must satisfy the threshold requirement that he or she is a "person with a disability" as that term is defined in the Rehabilitation Act and Equal Employment Opportunity Commission regulations. Title 29, Code of Federal Regulations, Part 1630.2(g) defines a person with a disability as an individual who (i) has a physical or mental impairment which substantially limits one or more of that person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment. See also Melahn v. Department of the Navy, EEOC Appeal No. 01832380 (October 21, 1985). Whether an individual has a disability is not based on the name or diagnosis of the impairment involved but rather the effect

Final Agency Decision
Alice R. Outlaw-McMillan
1J-607-0053-06
Page 5

which that impairment has on the individual's life. Sutton *et al.* v. United Airlines, Inc., 527 U.S. 471, at 483 (1998). Also, the mere fact that an agency relied on a complainant's physical condition in taking a personnel action does not indicate that the agency perceived that the complainant had a substantially limiting condition. Kelly v. U.S. Postal Service, EEOC Appeal No. 01830028 (November 15, 1983). Similarly, the mere fact that an agency processed an employee's claim for benefits under the Federal Employees Compensation Act and/or granted the employee a modified work assignment in connection with that claim would not prove that the agency regarded the employee as disabled. Brown v. U.S. Postal Service, EEOC Appeal No. 01990686 (February 21, 2002).

According to EEOC regulations, major life activities include, but are not limited to, caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. See 29 C.F.R. 1630.2(i). The Interpretive Appendix to the regulations also identifies sitting, standing, lifting, and reaching as other major life activities. The term "impairment" is defined broadly at 29 C.F.R. 1630.2(h) and the Commission's guidance on having a record of an impairment or being perceived as disabled appears at 29 C.F.R. 1630.2 (k) and (l). The regulations define "substantially limited" as meaning that the individual cannot perform the major life activity at all or is significantly limited in the ability to perform the activity compared to the average person in the general population. 29 C.F.R. 1630.2(j) and Toyota Motor Manufacturing of Kentucky, Inc. v. Williams, 534 U.S. 184 (2002). See also Harrison v. Department of Justice, EEOC Appeal No. 01A03948 (July 30, 2003). Courts also look to mitigating factors such as assistive devices or medication in determining whether an individual is substantially limited. Sutton, *Id.* Temporary or intermittent conditions are not covered. Heino v. Postmaster General, EEOC Appeal No. 01994965 (January 28, 2002); Anderson v. National Gallery of Art, EEOC Appeal No. 03910108 (September 17, 1991); and Wolfe v. Postmaster General, EEOC Appeal No. 01993796 (July 8, 2002). If the major life activity of "working" is involved, the individual must be unable to perform an entire class of jobs or a broad range of jobs within the class in order to be substantially limited. 29 C.F.R. 1630.2(j)(3). See also Webber v. Department of the Air Force, EEOC Appeal No. 01989587 (March 2, 2001).

A generalized assertion, without specific evidence to support it, that an individual is substantially limited is not sufficient to satisfy a complainant's burden of proof. Lohr v. U.S. Postal Service, EEOC Request No. 05930799 (May 19, 1994); Zeigler v. Postmaster General, EEOC Appeal No. 01930854 (May 12, 1994) and Jenkins v. Postmaster General, EEOC Appeal No. 01954572 (March 24, 1997). It is also not enough that the agency is in possession of a diagnosis, that an individual's supervisor knows that they have a particular condition, that the complainant has an approved claim with the Office of Workers Compensation Programs, or that the complainant has a percentage disability awarded by the

Final Agency Decision
Alice R. Outlaw-McMillan
1J-607-0053-06
Page 6

Department of Veterans' Affairs. <u>Black v. U.S. Postal Service</u>, EEOC Request No. 05930748 (May 12, 1994); <u>Pascale v. Department of the Navy</u>, EEOC Petition No. 03850092 (March 5, 1986); <u>Schnabele v. U.S. Postal Service</u>, EEOC Appeal No. 01982634 (July 13, 2001); and <u>Bono v. Postmaster General</u>, EEOC Appeal No. 01951113 (August 11, 1997).

## Disability – Disparate Treatment

Courts have adopted and applied the Title VII burdens of proof to disability discrimination claims. See, for example, <u>Norcross v. Sneed</u>, 755 F.2d 113 (8th Cir. 1985) and <u>Prewitt v. United States Postal Service</u>, 662 F.2d 292 (5th Cir. 1981). The Commission has also analyzed cases under this theory. <u>Greathouse v. Department of the Army</u>, EEOC Appeal No. 01984880 (May 2, 2001) and <u>Oberg v. Secretary of the Navy</u>, EEOC Request No. 05890451 (July 20, 1989). In order to establish a *prima facie* case of disability discrimination, a complainant must prove, by a preponderance of the evidence, that he was treated differently than individuals not within his protected group, or that the agency failed to make a needed reasonable accommodation, resulting in adverse treatment of the complainant. See <u>Session v. Helms</u>, 751 F.2d 991, at 992-3 (9th Cir.), *cert.* denied, 474 U.S. 846 (1985). A complainant also must demonstrate a causal relationship between the disabling condition and the agency's reasons for the adverse employment action. <u>Rideout v. Department of the Army</u>, EEOC Appeal No. 01933866 (November 22, 1995); <u>Mackey v. U.S. Postal Service</u>, EEOC Appeal No. 01931771 (April 28, 1994); and <u>Milder v. Department of Veterans' Affairs</u>, EEOC Appeal No. 01971724 (January 15, 1999).

## Disability – Accommodation

Assuming that a complainant has established that he or she is a person with a disability, the next element of a *prima facie* case based on a failure to accommodate is to establish that he or she is "otherwise qualified." The regulations define a "qualified individual with a disability" as a person who satisfies the requisite skill, experience, educational, and other job-related requirements of the position the individual holds or desires and who, with or without reasonable accommodation, can perform the essential functions of that position without endangering the health and safety of the individual or others. 29 C.F.R. 1630.2(m). The essential functions of a position are the fundamental job duties of the position the complainant holds or desires considering whether the position exists to perform the function, whether there are a limited number of individuals available to perform the function, or whether the function is highly specialized and the incumbent was hired for his or her expertise. 29 C.F.R. 1630.2(n). The complainant has the burden of proving that he or she is a "qualified individual with a disability." <u>Jasany v. United States Postal Service</u>, 755 F. 2d 1244 (6th Cir. 1985). The complainant must also show that the agency

was aware of the allegedly disabling condition and that an accommodation can be made. Mikovich v. Postmaster General, EEOC Appeal No. 01A11150 (June 20, 2002) and Lincovich v. U.S. Postal Service, EEOC Appeal No. 01810610 (August 9, 1982).

If it is determined that the complainant is unable to perform the essential functions of his or her position, the next inquiry is concerning whether there is any reasonable accommodation by the employer which would enable him or her to perform those functions. White v. York International Corporation, 45 F. 3d 357, at 361-362 (10th Cir. 1995). An employer is not required to provide an accommodation which does not assist the complainant in performing the essential functions of his or her position. Conley v. Postmaster General, EEOC Appeal No. 01984624 (July 6, 2001). The employer must be able to accommodate the individual without undue hardship. Brown v. Secretary of the Interior, EEOC Petition No. 03A00004 (May 22, 2002) and Hoang v. Postmaster General, EEOC Appeal No. 01923725 (March 30, 1993). The employer is not required to accommodate an individual by eliminating the essential functions of his or her job or by creating a job not already existing within the organization, including a light duty position. Turco v. Hoechst Celanese Corporation, 101 F. 3d 1090, at 1093-1094 (5th Cir. 1996); Shiring v. Runyon, Postmaster General, 90 F. 3d 827, at 831-832 (3rd Cir. 1996); and Watson v. Lithonia Lighting and National Service Industries, Inc., 304 F. 3d 749 (7th Cir. 2002), cert. denied 123 S. Ct. 1286 (2003) The Rehabilitation Act does not require an employer to lower or substantially modify standards to accommodate an individual or to take an action inconsistent with the contractual rights of others under a collective bargaining agreement. Jasany, 755 F. 2d at 1250-1251; Foreman v. Babcock & Wilcox Company, 117 F. 3d 800, at 810 (5th Cir. 1997); Williams v. Widnall, 79 F. 3d 1003 (10th Cir. 1996); and Hufford-Smith v. Attorney General, EEOC Appeal No. 01995040 (February 13, 2002). In addition, a disabled worker is not entitled to the reasonable accommodation which he or she prefers and must show a connection between the disabling condition and the requested accommodation. Gile v. United Airlines, Inc., 95 F. 3d 492, at 498 (7th Cir. 1996); Wiggins v. U.S. Postal Service, EEOC Appeal No. 01953715 (April 22, 1997); and Metzenbaum v. Office of Personnel Management, EEOC Appeal No. 01986974 (April 4, 2002).

An employer may accommodate an individual through reassignment. However, the employer does not have to accommodate him or her by promoting him to a higher level position or bumping another employee out of a job to create a vacancy. Shiring, 90 F. 3d at 832. The court held that the employee would have to establish that "...there were vacant, funded positions whose essential duties [the employee] was capable of performing, with or without reasonable accommodation, and that those positions were at an equivalent level or position [as the position the employee previously held]." Therefore, for the accommodation of reassignment to be reasonable, a position must exist within

the organization and be vacant, the employee must be "otherwise qualified" to meet the criteria for this position, and the reassignment must not offend the contract rights of others under the applicable collective bargaining agreement. Foreman, 117 F. 3d at 810.

## Retaliation

To establish a prima facie case based on reprisal, a complainant must show that (1) he or she engaged in prior protected activity; (2) the agency official was aware of the protected activity; (3) he or she was subsequently disadvantaged by an adverse employment action or adverse treatment; and (4) there is a causal link between the protected activity and adverse action/treatment. Hochstadt v. Worcester Foundation for Experimental Biology, Inc., 425 F. Supp. 318, 324 (D. Mass), aff'd 545 F.2d 222 (1st Cir. 1976); Manoharan v. Columbia University College of Physicians and Surgeons, 842 F. 2d 590, 593 (2nd Cir. 1988); Coffman v. Department of Veterans' Affairs, EEOC Request No. 05960437 (November 20, 1997); and Whitmire v. Department of the Air Force, EEOC Appeal No. 01A00340 (September 25, 2000). A complainant may establish prior EEO activity by participating at any stage of the EEO process or opposing unlawful discriminatory conduct. See, generally, Lewis v. Department of the Navy, EEOC Appeal No. 01810158 (May 22, 1981) (counseling stage); Ballard v. Postmaster General, EEOC Appeal No. 01923276 (August 17, 1992) (witness); and Burrough v. U.S. Postal Service, EEOC Appeal No. 01842417 (June 24, 1986) (representative). A complainant may also establish a prima facie case by presenting evidence which, unexplained, would reasonably give rise to an inference of reprisal. Shapiro v. Social Security Administration, EEOC Request No. 05960403 (December 6, 1996). Obviously, the complainant must offer evidence that the agency officials who took the action were aware of his or her prior participation or opposition activity (Demeier v. Department of the Air Force, EEOC Appeal No. 01A11166 (May 23, 2002)) but establishing that alone will not enable a complainant to establish the causal connection element of a prima facie case. Garcia-Gannon v. Department of the Air Force, EEOC Appeal No. 01821195 (June 30, 1983). Adverse actions need not be ultimate employment actions, just adverse treatment based on a retaliatory motive. Burlington Northern Santa Fe Railway Company v. White, 126 S. Ct. 2405 (2006); and Lindsey v. U.S. Postal Service, EEOC Request No. 05980410 (November 4, 1999).

The causal connection may be inferred by evidence that the protected conduct was closely followed by the adverse action. Clark County School District v. Breeden, 532 U.S. 286 (2001). The Court in Breeden noted that where a complainant is relying on temporal proximity to establish a causal connection between prior protected activity and a current adverse employment action, that proximity must be "very close" and cited with approval Circuit Court of Appeals

decisions holding that time gaps of three to four months between an individual's prior EEO activity and the current adverse employment action were too attenuated to suggest an inference of retaliation. The Commission has followed suit and rendered decisions establishing much shorter time frames to establish the requisite temporal proximity. See, for example, Heads v. U.S. Postal Service, EEOC Appeal No. 01A51547 (June 2, 2005); Archibald v. Department of Housing and Urban Development, EEOC Appeal No. 01A54280 (September 22, 2005); and Lynch v. U.S. Postal Service, EEOC Appeal No. 01A24705 (August 14, 2003). To support a finding of unlawful retaliation, there must be proof that the agency official(s) took the action at issue because of complainant's prior protected activity and sought to deter complainant or others. EEOC Compliance Manual on Retaliation, No. 915.003 (May 20, 1998), p. 8-16.

Any harassment of an employee that would not occur but for the employee's previous EEO activity may violate Title VII if sufficiently patterned or pervasive. McKinney v. Dole, 765 F.2d 1129, 1138 (D.C. Cir. 1985). See also Patrick v. Postmaster General. EEOC Appeal No. 01A05642 (November 28, 2000). For harassment to be considered retaliatory conduct in violation of Title VII, it must be sufficiently pervasive or severe as to create a hostile work environment which significantly and adversely affects the emotional or psychological well-being of the employee, and must somehow be connected to that employee's previous EEO activity. See Hicks v. Gates Rubber Company, 833 F.2d 1406, at 1412-1413 (10th Cir. 1987); Gilbert V. City of Little Rock, 722 F.2d 1390, at 1394 (8th Cir. 1983); Henson v. City of Dundee, 682 F.2d 897, at 904 (11th Cir. 1982); Bundy v. Jackson, 641 F.2d 934, at 943-944 (DF.C. Cir. 1981); Rogers v. EEOC, 454 F.2d 234, at 238 (5th Cir. 1971).

## PROCEDURAL AND FACTUAL BACKGROUND

At all times relevant to the issue(s) in this complaint, you were employed as a Mail Processing Clerk, PS-06, at the Cardiss Collins Post Office, Chicago, Illinois. You have alleged that Valencia Willliams, Manager, Health & Resource Management, Kelvin Mack, Manager In-Sourcing, PCES-1, Consumer Advocate Office, and John L. Richardson, District Manager, Human Resources, intentionally discriminated against you based on Physical Disability (shoulder, wrist, hand) and Retaliation (prior EEO activity) when on 1) July 14, 2006, you were not provided a reasonable accommodation after your duty station was dismantled and 2) on March 12, 2007, you received a letter slotting you into a Mail Processing position on Tour 3.

You have testified that on February 12, 2006, you were offered a modified job assignment in the Nixie Unit to accommodate your medical restriction for on the job injuries. You stated that on July 14, 2006, you were left without a position at the Post Office when the Nixie Unit was dismantled. (IF., Affidavit A, p.1). You

Final Agency Decision
Alice R. Outlaw-McMillan
1J-607-0053-06
Page 10

testified that you were never notified that the unit was to be dismantled and that no official gave a reason as to why the unit was dismantled.

You stated that you went to the Injury Compensation Unit on Monday, July 17, 2006, to find out what was going on but were told all the Injury Compensation Specialists were out working.   You testified you were never allowed the opportunity to discuss this with any official at the Post Office. *Id.* You stated that the employees on Tour 3 were also forced out when the unit was dismantled but that they were assigned to another unit to work. You testified that you and the other employees on Tour 1 were not allowed to work in the unit on your tour of duty, and this caused you to have nowhere to work for the 8 hours that you were at work. You stated the other employees on Tour 1 were Ruth Thomas, Dorothy Hopkins, P. White, Janet Diggins, Debra Moore, and A. Reeves.

You testified that Manager Larue and Supervisor Hopkins had you slotted into the position on Tour 3.  You stated that Manager Larue and Supervisor Hopkins were aware of your medical restrictions and knew this would cause you to work against your medical restrictions. You testified that Shirley Johnson went to the Injury Compensation Unit to complain about being slotted on Tour 3 and was told by her HRS (Human Resource) Specialist that she would be Rehabbed. (IF., Affidavit A, p.3).

You testified that you had multiple tendonitis in both wrists, bilateral knee derangement in both legs and knees, and bilateral tendonitis in both shoulders. You stated you had surgery in both knees and all of these injuries were accepted by the U.S. Department of Labor. (IF., Affidavit A, p.4)

You stated that you didn't think your medical condition was given any consideration when you were slotted into these positions because you would not have been slotted into these positions in the first place. You stated you felt you were being retaliated against because you had filed EEO cases similar to this situation (not being accommodated by the Postal Service). You averred your prior EEO case was against Manager John Richardson and others. (IF., Affidavit A, p. 5).

## COMPLAINANT'S *PRIMA FACIE* CASE

You have alleged discrimination based on Physical Disability (shoulder, wrist, hand) and Retaliation (prior EEO activity) when on 1) July 14, 2006, you were not provided a reasonable accommodation after your duty station was dismantled and 2) on March 12, 2007, you received a letter slotting you into a Mail Processing position on Tour 3.

Final Agency Decision
Alice R. Outlaw-McMillan
1J-607-0053-06
Page 11

## Disability

In order to assert a claim of disability discrimination, you must satisfy the threshold requirement that you are a "person with a disability" as that term is defined in the Rehabilitation Act and Equal Employment Opportunity Commission regulations.

The fact that you may have a medical condition does not qualify you as "disabled" for the purpose of establishing a *prima facie* case of discrimination based on a disability.    Brown v. U.S. Postal Service, EEOC Appeal No. 01990686 (February 21, 2002). Title 29, Code of Federal Regulations, Part 1630.2(g) defines a person with a disability as an individual who (i) has a physical or mental impairment which substantially limits one or more of that person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment.  "Major life activities" are defined to include, but are not limited to, caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.  See 29 C.F.R. 1630.2(i).

You have not testified as to how your medical conditions affected major life activities, even though you were specifically asked by the Investigator. [See Affidavit A, p. 12].    While you have provided medical documentation that indicated your work restrictions, the record evidence does not establish by a preponderance that you are a "person with a disability" for purposes of a claim of discrimination on that basis because there is no evidence that your restrictions impacted a major life activity. See Palov v. IKON Office Solutions, Inc., No. DKC 99-1650, 2001 WL 13238 (D.Md.Jan. 4, 2001)(10 pound lifting restriction not considered a disability under the ADA); Varre v. City of Syracuse, No. 96-CV-1792, 2000 WL 270966, at *3(N.D.N.Y.March 6, 2000)(plaintiff not considered disabled where his treating physician stated that plaintiff could not lift more than ten pounds, could not squat, kneel, climb stairs or a hill, or walk on uneven surfaces, and should only do sedentary type work); Zarzycki v. United Techs. Corp., 30 F.Supp. 2d 283, 288-89 (D.Conn 1998) (Plaintiff's lumbar disc injury which limited him from performing manual tasks such as walking, standing, lifting, bending, and working did not substantially limit a major life activity. Thus, plaintiff was not considered disabled under the ADA).  You have provided no proof that your medical condition limited you in the major life activity of working because you have not established that the condition precluded you from a broad range of jobs.  Also, you have not established that your condition restricted you from doing activities that are of central importance to most people's daily lives.    The Supreme Court has made it clear that the burden is on the complainant to establish a substantial limitation in a specific major life activity rather than an inability to work a specific job. See Toyota Motor Manufacturing, Kentucky, Inc. v. Williams, Sup. Ct. No. 00-1089 (January 8, 2002).

Final Agency Decision
Alice R. Outlaw-McMillan
1J-607-0053-06
Page 12

Based on the evidentiary record, a preponderance of the evidence does not support that you had substantial limitations to one or more of your major life activities. Nor was there any evidence that you were regarded as having a disability or that you had a record of such a disability. Therefore you did not establish the threshold element required for a *prima facie* case of discrimination based on disability.

Should you be claiming disparate treatment, the evidentiary record indicates that you have provided no evidence of similarly situated employees who were not disabled who were treated differently than you were. The burden is on the complainant to provide such evidence. See <u>Session v. Helms</u>, 751 F.2d 991, at 992-3 (9th Cir.), *cert.* denied, 474 U.S. 846 (1985).

<u>Reasonable Accommodation</u>

Even assuming you established that you are a "person with a disability" for purposes of a discrimination claim, which you have not, your claim that you were denied reasonable accommodation after the dismantling of the Nixie Unit is insufficiently supported by the record evidence or your own claims. Specifically, in your Statement in Support of Appeal that you filed with regard to this case you stated: "Plaintiff does not allege that management's decision to dismantle the Nixie Unit to be discriminatory." Additionally you stated "***Clearly from July 14, 2006, to September 2, 2006, Plaintiff alleges no discriminatory actions to have taken place***." [See IF., Appellate Activity, page 8, 9]. This position clearly controverts your claim that you were denied reasonable accommodation upon the dismantling of the Nixie Unit on July 14, 2006. Even if your inconsistent position is disregarded, the evidence is insufficient in establishing a *prima facie* case of failure to provide a reasonable accommodation.

First, as discussed above, you have not established that you are a "person with a disability" which is required for this claim. Even if you had established that you were a "person with a disability", which you have not, the record does not reflect that you ever requested or were denied reasonable accommodation after the dismantling of the Nixie Unit. Your allegation that you were never allowed the opportunity to discuss this matter with any official at the Post Office is wholly unsupported by the evidence. Manager Williams testified that you did not formally request a reasonable accommodation meeting. (IF., Affidavit B, page 3). There is no record evidence suggesting that a request was made and ignored or otherwise denied. You further failed to allege what available reasonable accommodations, if any, were not provided. For these reasons, you have not established a *prima facie* case on your reasonable accommodation claim.

You have also failed with regard to your claim that you were subjected to discrimination when, on March 12, 2007, you received a letter slotting you into a Mail Processing position on Tour 3. The record evidence established that you were slotted into a residual vacancy on Tour 3 due to operational needs when you failed to bid on a position or were not successfully awarded a bid position. (IF., Affidavit B, p. 2). You failed to show any nexus between this action and your alleged disability or prior EEO activity.

Additionally, the assignment to a Mail Processing Position on Tour 3 is not sufficient to constitute an adverse action against you. An adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus. Inc. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). You did not show how your reassignment qualified as an adverse employment action. Furthermore, the evidence indicated that you were provided a chair with this reassignment and that you were not made to work outside your restrictions. (IF., Affidavit B, p. 3).

A preponderance of the evidence in the record has not established a *prima facie* case of discrimination based on disability.

## Retaliation

The evidentiary record did establish that you were involved in prior EEO activity with regard to your amended claim that on March 12, 2007, you received a letter slotting you into a Mail Processing position on Tour 3. It appeared from the evidentiary record, however, that your first claim in this action, that on July 14, 2006, you were not provided a reasonable accommodation after your duty station was dismantled, was the basis of your "prior" EEO activity. This prior action was initiated on 11/13/2006. Thus with regard to your claim that being slotted into a position on Tour 3 was retaliatory discrimination you have likely established the first and second required prongs, however as discussed above you have not established that your being slotted into a position on Tour 3 was an adverse employment action, nor have you shown a nexus between that action and your prior EEO activity.

Prior to this action initiated on 11/13/2006, the record reflected you were involved in EEO activity in 2002. (IF., Exhibit 2, p. 1). There was insufficient evidence that your EEO action in 2002 was a factor in any of your claims. There is no evidence suggesting that relevant management officials were aware of this prior action and the temporal proximity between your first claim and the EEO action which preceded it is greater than two years. This does not support an inference of retaliation. The Supreme Court has held that time gaps of three to

Final Agency Decision
Alice R. Outlaw-McMillan
1J-607-0053-06
Page 14

four months between an individual's prior EEO activity and the current adverse employment action are too attenuated to suggest an inference of retaliation. Clark County School District v. Breeden, 532 U.S. 286 (2001).

As discussed above your second claim regarding your being slotted into a position on Tour 3 does not constitute discriminatory conduct.  Therefore, while you have likely established the first and second required prongs by a preponderance of the evidence, you have not established a *prima facie* case of discrimination based on retaliation as you have not shown an adverse action and you have also not established a nexus between the action and your prior protected activity.

## MANAGEMENT'S LEGITIMATE NON-DISCRIMINATORY REASON

Assuming you had established a *prima facie* case on these bases, the burden shifts to the agency to articulate a legitimate, nondiscriminatory reason for its actions.  As set forth above, you have alleged that Valencia Willliams, Kelvin Mack, and John L. Richardson intentionally discriminated against you based on Physical Disability (shoulder, wrist, hand) and Retaliation (prior EEO activity) when on 1) July 14, 2006, you were not provided a reasonable accommodation after your duty station was dismantled and 2) on March 12, 2007, you received a letter slotting you into a Mail Processing position on Tour 3.

Disability/Reasonable Accommodation

Managers Mack and Manager Richardson testified that they had no knowledge of your medical conditions or of any requests for reasonable accommodations. (IF., Affidavit C, p. 3, 4.; Affidavit D, p. 2).

Manager Williams testified that she was aware of your restrictions, that you never requested a reasonable accommodation meeting, and that you never appeared before a Reasonable Accommodation Committee for consideration. Manager Williams testified that you were provided a chair for your assigned area. (IF., Affidavit B, p. 3, 4).  She testified that no matter what position or tour, you would be provided suitable work within your medical restrictions.  (IF., Affidavit B, p. 2).

Manager Mack testified that he was responsible for dismantling the Nixie Unit because it was a duplication of the activities performed in the manual operation.  He stated the Nixie operation was not an approved operation in processing and distribution and was redundant to the 030 manual letters operation.  Manager Mack testified that he was not directly involved in employee reassignment. (IF., Affidavit C, p. 2).

Final Agency Decision
Alice R. Outlaw-McMillan
1J-607-0053-06
Page 15

Retaliation

Managers Mack, Richardson, and Williams all denied knowledge of any prior EEO activity. [IF., Affidavit B, p. 4; Affidavit C, p. 6; Affidavit D, p.2;)

## PRETEXT

It remains for you to show that in spite of the articulated non-discriminatory explanation, an overall inference of discrimination could be discerned by a preponderance of the evidence. U.S. Postal Service Board of Governors v. Aikens, 460 U.S. at 714-17. In other words, you must show that the Postal Service ("USPS") was "more likely motivated by discriminatory reasons. [Citation omitted]" than not. Hill v. Social Security Administration, EEOC Appeal No. 01970512 (June 8, 2000). You may also show that the proffered explanation of the Postal Service is unworthy of credence. Texas Department of Community Affairs v. Burdine, 450 U.S. at 256. Essentially, the record must show that the USPS articulated a false reason and that its real reason was discrimination. St. Mary's Honor Center v. Hicks, 509 U.S. at 515. Even if you showed, for the sake of argument only (because you have not done so), that the Postal Service engaged in an action that was an unsound business decision, was unfair, or was motivated by an ill feeling or arbitrariness, that is insufficient to show pretext. Keyes v. Secretary of the Navy, 853 F.2d 1016, 1026 (1st Cir. 1988).

Assuming that you established a *prima facie* case of disability or retaliation, which you have not, your claims required showing that you were treated differently then comparable employees not in your protected group, that the Postal Service considered your disability or prior protected activity, and that they were factors in the decisions made. Even if you could show that disability or your prior EEO activity was a factor in the decisions the Postal Service made, which you have not, you would have to show by a preponderance of the evidence that management's legitimate nondiscriminatory justification was false and their action was actually taken for discriminatory reasons. The record did not reflect this. In addition, there was no evidence that management held a discriminatory animus toward members of your protected groups.

Your allegations are general and unspecific as they relate to your efforts to provide a connection between the action taken and unlawful discrimination. They are, furthermore, unsupported by the totality of the record. In other words, there is nothing that shows by a preponderance of the evidence that the legitimate explanations given by the USPS were pretext for discrimination. Hammons v. HUD, Request No. 05971093, Appeal No. 01955704 (August 10, 1997).

Hence, management's nondiscriminatory reasons have not been proven to be a pretext for illegal discrimination.